THOMAS G. HAYES, JR. AND ROSE B. HAYES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hayes v. Commissioner
Docket No. 11224-93
United States Tax Court
T.C. Memo 1994-461; 1994 Tax Ct. Memo LEXIS 467; 68 T.C.M. (CCH) 725; September 19, 1994, Filed *467 Decision will be entered that there is no deficiency and no additions to tax due from petitioners and no overpayment due to petitioners. Thomas G. Hayes, Jr., and Rose B. Hayes, pro se. For respondent: Scott T. Welch. COHEN
COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined a deficiency of $ 10,779 in petitioners' Federal income taxes for 1987 and additions to tax under sections 6651(a)(1) and 6653(a)(1)(A) and (B) in the amounts of $ 2,026, $ 658, and 50 percent of the interest due on the deficiency, respectively. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. After concessions, the parties have now stipulated with respect to all adjustments in the notice of deficiency. The sole issue remaining for decision is whether petitioners are entitled to a refund of the difference between the amount withheld from their wages during 1987 and their agreed tax liability for that year. FINDINGS OF FACT Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. *468 Petitioners resided in Houma, Louisiana, at the time they filed their petition. Petitioners' tax return for 1987 reported Federal income tax withheld from their wages in the amount of $ 5,049.76, total tax owed of $ 1,728, and a refund claimed of $ 3,321.76. That return, however, was not prepared until April 15, 1991. On the evening of April 15, 1991, petitioners completed the return and deposited it in the mail at Houma, Louisiana. The return was received by the Internal Revenue Service (IRS) on April 22, 1991, in an envelope postmarked New Orleans, Louisiana, "P.M.", "16 APR 1991". The statutory notice of deficiency for 1987 was sent to petitioners on March 2, 1993. OPINION The parties agree that the sole issue remaining in this case is whether the excess of amounts withheld from petitioners' earnings during 1987 over the correct tax liability of petitioners for that year is barred as a refund to petitioners by the statute of limitations set forth in section 6511. The taxes withheld from petitioners' wages during 1987 were deemed paid on April 15, 1988, the due date of their return for 1987. Sec. 6513(b)(1). Petitioners contend that they mailed their return for 1987 on *469 April 15, 1991, because they were aware of the 3-year period of limitations on filing a claim for refund. Section 6511 provides the general statute of limitations for credits or refunds. That section provides in pertinent part: (a) Period of Limitation on Filing Claim. -- Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. (b) Limitation on Allowance of Credits or Refunds. -- * * * (2) Limit on amount of credit or refund. -- (A) Limit where claim filed within 3-year period. -- If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return. If the tax was required to be paid *470 by means of a stamp, the amount of the credit or refund shall not exceed the portion of the tax paid within the 3 years immediately preceding the filing of the claim.
Petitioners rely on section 7502(a) and the Court's statements at trial that the Court found credible petitioners' testimony concerning the actual deposit of the return in the mail on April 15, 1991. Petitioners misinterpret the Court's remarks concerning credibility as a ruling in their favor. The Court expressly declined to render a bench opinion and directed the filing of briefs that cited applicable law. Petitioners did not file a trial memorandum, and respondent's trial memorandum did not address the limitations issue. As petitioners stated at trial, they did not raise the refund claim because they expected to owe taxes until they entered into the stipulation that was filed the day of trial. Respondent's brief does not dispute petitioners' testimony about the date of mailing, apparently in deference to the Court's comments. Section 7502(a) provides: (a) General Rule. -- (1) Date of delivery. -- If any return, claim, statement, or other document required to be filed, or any payment required to be *471 made, within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such return, claim, statement, or other document is required to be filed, or to which such payment is required to be made, the date of the United States postmark stamped on the cover in which such return, claim, statement, or other document, or payment, is mailed shall be deemed to be the date of delivery or the date of payment, as the case may be. (2) Mailing requirements. -- This subsection shall apply only if -- (A) the postmark date falls within the prescribed period or on or before the prescribed date -- (i) for the filing (including any extension granted for such filing) of the return, claim, statement, or other document, or (ii) for making the payment (including any extension granted for making such payment), and (B) the return, claim, statement, or other document, or payment was, within the time prescribed in subparagraph (A), deposited in the mail in the United States in an envelope or other appropriate wrapper, postage prepaid, *472 properly addressed to the agency, officer, or office with which the return, claim, statement, or other document is required to be filed, or to which such payment is required to be made.
As appears from the text of that section, section 7502 only equates timely mailing with timely filing when the envelope in which a return is mailed bears a timely postmark and the envelope is properly addressed. The evidence in this case shows that the envelope in which petitioners mailed their return was postmarked April 16, 1991, and thus was not timely, and petitioners concede in their brief that the envelope was not correctly addressed. Respondent is not relying on the 2-year limitation period in section 6511(a). Respondent relies on authority that establishes that late-filed returns are not considered delivered or filed until they are received. , affg. . In this case, the return, which was petitioners' claim for refund, was not received by the IRS until April 22, 1991, more than 3 years after petitioners' withheld taxes for 1987 were deemed paid. Sec. *473 6511(b)(2)(A). Under these circumstances, the actual date of mailing and the reasons for the belated postmark are irrelevant. As the Court of Appeals stated in , "all timely returns are considered filed as of the postmark date and all late returns are considered filed as of the date of delivery." See also . Any refund to which petitioners otherwise were entitled is barred by the statute of limitations. To reflect the stipulation of the parties, Decision will be entered that there is no deficiency and no additions to tax due from petitioners and no overpayment due to petitioners.